*MHW*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.        )
Thomas O'Farrell K54340,                )
                                        )
                    Petitioner,         )
                                        )
          v.                            )        08 C 2403
                                        )
Eddie Jones,                            )
                                        )
                    Respondent.         )

MEMORANDUM ORDER

Thomas O'Farrell ("O'Farrell") has filed a 28 U.S.C. § 2254[1]

Petition for Writ of Habeas Corpus ("Petition"), challenging his

January 21, 1997 conviction on two counts of first degree murder,

on which he is currently serving a 50-year sentence.  O'Farrell

has included numerous exhibits as part of his filing (the

Petition and its accompanying exhibits are more than an inch

thick), and he has also submitted an In Forma Pauperis

Application ("Application") together with a printout showing the

transactions in his trust fund account at Pontiac Correctional

Center, where he is serving his sentence.  This Court has engaged

in a brief preliminary review of the Petition and exhibits in

accordance with Rule 4 of the Rules Governing Section 2254 Cases

in the United States District Courts, and this memorandum order

addresses a threshold question posed by the Petition.

First, though, O'Farrell's Application reflects his obvious

---

[1] All further references to Title 28 provisions will simply
take the form "Section --," omitting the prefatory 28 U.S.C.

unawareness of the modest filing fee -- just $5 -- that must be paid by prisoners seeking Section 2254 relief (rather than the $350 filing fee that applies to most civil actions). Accordingly the Application is denied, and O'Farrell is ordered to remit the $5 filing fee to the Clerk of Court on or before May 15, 2008.

As for the Petition itself, its Part II sets out in detail the series of post-conviction efforts that O'Farrell has pursued in the state courts, beginning with his original pro se petition filed January 26, 2000 in the Circuit Court of Cook County. Because Section 2244(d)(1) establishes a one-year limitation period on federal habeas actions, O'Farrell must of necessity rely on this tolling provision of Section 2244(d)(2) to avoid a potential dismissal on untimeliness grounds:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

That being so, the Illinois Attorney General's Office (representing respondent Warden Eddie Jones) is ordered to file a response to the Petition on or before May 20, 2008 that (1) states whether respondent intends to rely on, or alternatively is prepared to waive, the limitation period prescribed by Section 2244(d)(1) and (2) sets out the particulars as to whether and why the Petition is or is not timely in light of Section 2244(d)(2). This Court will then determine what further proceedings are

2

required.[2]


_____Milton I. Shadur_____
Senior United States District Judge


Date:      May 1, 2008

---

[2] There is of course no need to address the merit or lack of
merit in O'Farrell's claims until it can be determined whether he
is properly in court on his Petition.