```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

UNITED STATES OF AMERICA          )
ex rel. THOMAS O'FARRELL #K54340, )
                                  )
               Petitioner,        )
                                  )
     v.                           )   No. 08 C 2403
                                  )
JOSEPH MATHY, Assistant Warden,[1])
Pontiac Correctional Center,      )
                                  )
               Respondent.        )

MEMORANDUM ORDER

When this Court first received the self-prepared 28 U.S.C. §2254[2] Petition for Writ of Habeas Corpus ("Petition") from Thomas O'Farrell ("O'Farrell"), its natural concern as to the Petition's possible untimeliness was heightened (1) by the fact that O'Farrell's state court conviction had occurred more than a decade in the past (on January 21, 1997) and (2) by the need to analyze the timing questions posed by the complex set of O'Farrell's post-conviction efforts in the state court system. This Court therefore ordered the Illinois Attorney General's Office "to file a response to the Petition on or before May 20,

---

[1] Because original respondent Eddie Jones is no longer the Warden at Pontiac Correctional Center, Assistant Warden Mathy ("Mathy") is now the proper respondent (see Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ["Section 2254 Rules"].)  In accordance with Fed. R. Civ. P. 25(d)(1), this Court orders the substitution of Mathy as respondent that has taken place automatically by reason of Jones' change of status.

[2] All further references to Title 28's provisions will simply take the form "Section--."

2008 that (1) states whether respondent intends to rely on, or alternatively is prepared to waive, the limitation period prescribed by Section 2244(d)(1) and (2) sets out the particulars as to whether and why the Petition is or is not timely in light of the Section 2244(d)(2)." After one request for an extension of time, that response is now in hand, captioned Limited Response to Petition For Writ of Habeas Corpus ("Response"), and it provides chapter and verse that establish beyond dispute that the Petition is indeed barred by Section 2244(d)(1), even after giving full credit for any tolling prescribed by Section 2244(d)(2).

    Because that excellent presentation by Assistant Attorney General Michael Blankenheim covers the ground so thoroughly and accurately, this Court has studied it carefully and has concluded that it would be an act of supererogation simply to parrot what the 25-page Response has explained in such detail. Instead this Court adopts the Response as its own and, pursuant to Section 2254 Rule 4, dismisses both the Petition and this action.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: June 18, 2008