IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. THOMAS O'FARRELL, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 2403 |
| JOSEPH MATHY, Assistant Warden, Pontiac Correctional Center, | ) ) ) | The Honorable Milton I. Shadur, |
| Respondent. | ) | Judge Presiding. |

**RESPONSE IN OPPOSITION TO
PETITIONER'S MOTION FOR RECONSIDERATION**

Pursuant to this Court's July 9, 2008 order (Docs. 22 & 23), respondent JOSEPH MATHY opposes petitioner's motion for reconsideration. In support, respondent states as follows:

**I.      Procedural Background**

1.      On April 17, 2008, petitioner Thomas O'Farrell — an inmate of the Illinois Department of Corrections (DOC) serving a 50-year term of imprisonment for his 1997 Cook County murder conviction — filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.

2.      On May 1, 2008, this Court ordered respondent to file a limited response indicating: (1) whether he intended to rely on the one-year statute of limitations applicable to habeas corpus petitions under 28 U.S.C. § 2244(d)(1); and (2) if so, whether the petition was timely filed. (Doc. 6).

3.      On June 17, 2008, respondent filed a limited response, arguing that the petition should be dismissed because it was untimely under § 2244(d)(1)(A) and, in the alternative, that petitioner's claim under *Napue v. Illinois*, 360 U.S. 264 (1959), was untimely under § 2244(d)(1)(D).  (Doc. 17).

4.      In a memorandum order entered June 18, 2008, this Court held that the instant petition was "indeed barred by Section 2244(d)(1), even after giving full credit for any tolling prescribed by Section 2244(d)(2)."  (Doc. 18).  Accordingly, this Court dismissed the petition with prejudice.  (*Id.*).  This Court's final judgment was entered on June 19, 2008.  (Doc. 19).

5.      On June 25, 2008, petitioner filed a "Motion for Reconsideration and Leave to File Reply to State's Limited Response to Petition for Writ of Habeas Corpus."  (Doc. 21).

6.      On July 9, 2008, this Court, noting that petitioner's "submission does not make plain whether and to what extent he must prevail on his several contentions to bring his Petition within the allowed one-year limitation period under Section 2254[,]" ordered respondent to respond to the motion for reconsideration.  (Doc. 23 at 2).

7.      For the reasons set forth below, this Court should deny petitioner's motion for reconsideration.

## II.    Standard Of Review

8.      Petitioner's motion for reconsideration — filed six days after judgment was entered — argues that (1) his petition was not time-barred; and (2) this Court

-2-

should have applied equitable tolling.  (*See* Doc. 21 at 5-9).  Because petitioner attacks on legal grounds the judgment dismissing his petition, his motion should be reviewed as a Rule 59(e) motion to alter or amend judgment.  *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) (motion for reconsideration filed within 10 days after entry of judgment should be reviewed under Rule 59(e) if it attacks judgment on legal grounds).

      9.     Rule 59(e) allows a court to alter or amend a judgment only if: (1) "the petitioner can demonstrate a manifest error of law[,]" or (2) "present newly discovered evidence."  *Id.* at 494; *see also Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).  "A manifest error is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks and citation omitted).  Rule 59(e) requires the movant to "clearly establish one of the aforementioned grounds for relief."  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (internal quotation marks and citation omitted).  The movant must file a Rule 59(e) motion "no later than 10 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

**III.   This Court Did Not Manifestly Err In Dismissing The Instant Petition As Time-Barred.**

    **A.   This Court Is Bound By The State Trial Court's Determination That Petitioner's "Affidavit Of Intent To File A Notice Of Appeal" Was Not, As A Matter Of Illinois Law, A Properly Filed Notice Of Appeal.**

10.   In its memorandum order dismissing the instant petition as untimely, this Court agreed with respondent's argument that petitioner did not have a properly-filed application for state postconviction or other collateral review pending in the Illinois courts between October 4, 2001 and October 4, 2002. (*See* Doc. 18 at 2; *see also* Doc. 16 at 14-15). This Court further agreed that, because the time for filing a federal petition expired on October 4, 2002, and the instant petition was not filed until April 17, 2008, the petition was time-barred.

11.   As this Court noted in its July 9, 2008 order, the "linchpin" of petitioner's motion for reconsideration is his argument that the state courts should have treated "his 'Affidavit of Intent To File an Appeal to the Appellate Court of Illinois, First Judicial District,' as the equivalent of a notice of appeal." (Doc. 23 at 1). Petitioner's argument fails because federal courts are bound by state court interpretations of state laws, such as the state trial court's determination here that petitioner's affidavit of intent was not a properly filed notice of appeal under Illinois law.

12.   Under § 2244(d)(2), only a "properly filed" application for state postconviction relief can toll the one-year limitations period applicable to habeas petitions. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "An application is 'properly filed' if

its delivery and acceptance 'are in compliance with the applicable laws and rules governing filings.'" *Gray v. Briley*, 305 F.3d 777, 778-79 (7th Cir. 2002) (quoting *Artuz*, 531 U.S. at 8). "[W]hether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if a state court rejects it as procedurally irregular it has not been 'properly filed.'" *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000).

13.     In this case, petitioner's first postconviction petition was no longer pending when, on October 4, 2001, the state trial court dismissed that petition. Although petitioner attempted to appeal that judgment by filing an affidavit of intent to file a notice of appeal, the state trial court declined to consider that filing as a proper notice of appeal. (*See* Doc. 16, Exhs. K & L; *see also* Doc. 16 at 3-4, 14-15). Because petitioner's filing was rejected as "procedurally irregular," his affidavit of intent was not a "properly filed" notice of appeal, and his first postconviction petition was no longer pending on October 4, 2001. *Accord Artuz*, 531 U.S. at 8; *Fernandez*, 227 F.3d at 978.

14.     Petitioner argues that the state trial court *should* have recognized his affidavit of intent and related filings as a notice of appeal. That argument is unavailing, however, because a federal court may not reexamine the state trial court's determination that petitioner's filing was not a proper notice of appeal under Illinois law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law

questions"); *accord Gilmore v. Taylor*, 508 U.S. 333, 342 (1993); *Hill v. Wilson*, 519 F.3d 366, 369 (7th Cir. 2008).  Indeed, this Court is "bound" by the state court's application of Illinois law to petitioner's case.  *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003); *see also Estelle*, 502 U.S. at 67-68.

15.    To bring the instant federal habeas petition within the one-year limitations period, petitioner must establish that he had an application for state postconviction or other collateral relief pending between October 4, 2001 and October 4, 2002.  But, for the reasons set forth immediately above and in respondent's limited response (Doc. 16 at 13-17), he cannot do so.  Accordingly, this Court did not manifestly err in dismissing his petition with prejudice pursuant to § 2244(d)(1)(A).

**B.    Petitioner's False Testimony Claim Is Also Untimely Under § 2244(d)(1)(D).**

16.    Although the entire petition is untimely under § 2244(d)(1)(A), petitioner contends that his false testimony claim is timely because he did not discover the claim's factual predicate until "shortly after October 18, 2004."  (Doc. 21 at 8).  At that time, petitioner claims, an attorney mailed him a copy of witness Thomas Dye's deposition in an unrelated civil case (in which Dye states that an assistant state's attorney pressured him to testify falsely during petitioner's sentencing hearing).  (*See* Doc. 21 at 8).  To support his argument, petitioner contends that prison regulations prevented him from seeking an affidavit from Dye prior to October 18, 2004, and that his postconviction trial counsel refused to do so

because she believed that petitioner's false testimony claim was meritless. (*See* Doc. 21 at 8-9). These arguments should be rejected.[1]

17.  First, petitioner's contention that DOC regulations prevented him from seeking an affidavit from Dye is incorrect. Petitioner claims that, pursuant to 20 Ill.Adm.Code § 525.120(b), he was not permitted to send mail to Dye because Dye was a former inmate of DOC. (Doc. 21 at 8). However, petitioner fails to recognize that § 525.120(b) expressly contemplates that he could have sought the warden's prior written approval to communicate with Dye regarding Dye's testimony at the sentencing hearing. *See* 20 Ill.Adm.Code § 525.120(b) ("Offenders may correspond with anyone in the free community . . . *without prior written approval* of the Chief Administrative Officer, except with employees, former employees, or releasees of the Department.") (emphasis added).

18.  Second, even accepting as true petitioner's allegation that his postconviction trial counsel refused to seek an affidavit from Dye, prison regulations provided petitioner an avenue through which he could have sought an affidavit or other information from Dye respecting Dye's testimony at sentencing. Because petitioner failed to exercise due diligence in obtaining such evidence, he is not

---

[1] Petitioner also claims that "the State's response . . . acknowledges the fact that their own witness, Thomas Dye admitted to perjury and that [the prosecutor] pressured Mr. Dye to testify falsely at Petitioner's sentencing hearing." (Doc. 21 at 9). That is incorrect. Consistent with this Court's order, respondent's limited response did not address the merits of any of petitioner's claims. (Doc. 6 at 2 (directing respondent not to address the merits of petitioner's claims)).

entitled to a later start to the limitations period under § 2244(d)(1)(D). *See* 28 U.S.C. § 2244(d)(1)(D).

19.    For these reasons and those already stated in respondent's limited response (Doc. 16 at 17-22), petitioner's false testimony claim is untimely under § 2244(d)(1)(D).

    **C.**    **Petitioner Is Not Entitled To Equitable Tolling.**

20.    Petitioner also contends that the untimeliness of his federal habeas petition should be excused because the state trial court's "failure to file his [affidavit of intent], which satisf[ied] the requirement of a 'Notice of Appeal' set forth in [Illinois] Supreme Court Rule 606(d)[,] was not due to his culpable negligence and qualif[ies] as an extraordinary circumstance beyond his control" that prevented him from timely filing a notice of appeal. (Doc. 21 at 10). That argument fails for at least two reasons.

21.    Statutes of limitation may be subject to equitable tolling. *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, n.8 (2005) (assuming, without deciding, that the § 2244(d)(1) limitations period is subject to equitable tolling). However, the litigant seeking equitable tolling bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way of timely filing. *Pace*, 544 U.S. at 418.

22.    First, petitioner cannot demonstrate that he pursued his first postconviction appeal diligently or that, once the statutory year began to run, some

external impediment prevented him from filing a federal habeas petition. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). Petitioner argues only that he was prevented from filing a *timely notice of appeal* from the judgment dismissing his first state postconviction petition. In the absence of any allegation that he was prevented from filing a timely federal habeas petition, petitioner's equitable tolling claim should be rejected.

23.　In a related vein, petitioner appears to argue that he could not have filed a federal habeas petition between October 4, 2001 and October 4, 2002 because his claims had not been exhausted in state court. (*See* Doc. 21 at 5-6). However, exhaustion of state court remedies is merely a precondition to *obtaining* federal habeas corpus relief, *see* 28 U.S.C. § 2254(b)(1)(A), not a precondition to *filing* a habeas petition. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). As discussed in respondent's limited response, petitioner has yet to identify any external impediment that actually prevented him from filing a timely habeas petition between October 4, 2001 and October 4, 2002. (*See* Doc. 16 at 23-24).

24.　Second, to be entitled to equitable tolling, petitioner must show that the "extraordinary circumstances" that prevented a timely filing "were beyond [his] control." *See Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). But here, the "extraordinary circumstance" cited by petitioner — the state trial court's refusal to construe his affidavit of intent as a notice of appeal — was a direct result of petitioner's own actions. Petitioner failed to file in state court a notice of appeal

that complied with Illinois Supreme Court Rule 606(d), and he now seeks equitable tolling to excuse a delay that he himself was best positioned to avoid. Petitioner's argument amounts to a reliance on his own negligence, which is not an extraordinary circumstance that warrants equitable tolling. *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Petitioner's request for equitable tolling turns that doctrine on its head, and this Court did not manifestly err in rejecting it.

## CONCLUSION

This Court should deny petitioner's motion for reconsideration.

July 16, 2008					Respectfully submitted,

						LISA MADIGAN
						Attorney General of Illinois

					By:	s/ Michael R. Blankenheim
						MICHAEL R. BLANKENHEIM, Bar # 6289072
						Assistant Attorney General
						100 West Randolph Street, 12th Floor
						Chicago, Illinois 60601-3218
						TELEPHONE: (312) 814-8826
						FAX: (312) 814-2253
						EMAIL: mblankenheim@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I certify that on July 16, 2008, I electronically filed respondent's **Response In Opposition To Petitioner's Motion For Reconsideration** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed a copy of that document via the United States Postal Service to the following non-CM/ECF user:

    Thomas O'Farrell, K54340
    Pontiac Correctional Center
    700 West Lincoln Street
    P.O. Box 99
    Pontiac, Illinois 61764


                        s/ Michael R. Blankenheim
                        MICHAEL R. BLANKENHEIM, Bar # 6289072
                        Assistant Attorney General
                        100 West Randolph Street, 12th Floor
                        Chicago, Illinois 60601-3218
                        TELEPHONE: (312) 814-8826
                        FAX: (312) 814-2253
                        EMAIL: mblankenheim@atg.state.il.us