```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA            )
ex rel. THOMAS O'FARRELL #K54340,   )
                                    )
                 Petitioner,        )
                                    )
     v.                             )    No.  08 C 2403
                                    )
JOSEPH MATHY, Assistant Warden,     )
Pontiac Correctional Center,        )
                                    )
                 Respondent.        )
```

MEMORANDUM ORDER

Although this Court's handling of petitions seeking habeas corpus relief under 28 U.S.C. §2254[1] most typically produces extended opinions that are needed to address the often multifaceted submissions by prisoners serving state court sentences, this case is highly unusual in that respect.  This Court's June 18, 2008 memorandum order ("Order") dismissing the pro se Petition that had been submitted by Thomas O'Farrell ("O'Farrell") encompassed just two pages, because the "excellent presentation by Assistant Attorney General Michael Blankenheim covers the grounds so thoroughly and accurately" (Order at 2) that this Court eschewed any detailed discussion of the issues, instead adopting defense counsel Blankenheim's Response as its own.

O'Farrell then filed a timely motion for reconsideration,

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

which was appropriate for consideration under Fed. R. Civ. P. ("Rule") 59(e), and Assistant Attorney General Blankenheim has filed a Response in Opposition to Petitioner's Motion for Reconsideration, and that submission exhibits the same high quality as the original filing.  It confirms these relevant principles:

    1.  O'Farrell's effort to challenge or recharacterize the Illinois courts' rejection of O'Farrell's filing of an Affidavit of Intent To File an Appeal as the equivalent of the notice of appeal itself represents a state procedural ruling that does not render that filing a "properly filed" application for state post-conviction relief that tolls the one-year limitations period under Section 2244(d)(2)(<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000); <u>Fernandez v. Sternes</u>, 227 F.3d 977, 978 (7th Cir. 2000)(anticipating <u>Artuz</u>)).

    2.  O'Farrell's attempted appeal from the state trial court's dismissal of his first state post-conviction petition was rejected as "procedurally irregular"--the prototype of a state procedural ruling that flunks the <u>Artuz</u> standard for tolling the applicable limitations period.

    3.  O'Farrell's false testimony claim is also independently untimely for the reasons stated in Response at 6-8.

    4.  Nor did any equitable tolling of the limitations

period under Section 2244(d)(1) operate to save the timeliness of the Petition (see, e.g., Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007); Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003)).

There is more, but once again the high quality of defense counsel's submission has enabled this Court simply to adopt it as a dispositive refutation of O'Farrell's motion for reconsideration.  That motion is denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 21, 2008