IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. THOMAS O'FARRELL #K54340,<br><br>          Petitioner,<br><br>     v.<br><br>JOSEPH MATHY, Assistant Warden,<br>Pontiac Correctional Center,<br><br>          Respondent. | )<br>)<br>)<br>)<br>)<br>)    No. 08 C 2403<br>)<br>)<br>)<br>)<br>) |

STATEMENT AND MEMORANDUM

Thomas O'Farrell ("O'Farrell") has filed a Notice of Appeal from this Court's dismissal of his 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"). That filing requires this Court (1) either to issue a certificate of appealability ("COA") or to state the reasons why such a certificate should not issue (see Fed. R. App. P. 22(b)), as well as (2) to rule on O'Farrell's motion for leave to file and proceed on appeal in forma pauperis. This statement and memorandum addresses both of those issues.

First as to the COA, O'Farrell urges that his claim of actual innocence excuses the many-years-delayed filing of the Petition, which this Court found to have been barred long since under Section 2244(d)(1), even after full credit is given for any tolling prescribed by Section 2244(d)(2)(see this Court's brief

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

memorandum orders dated June 18 and July 21, 2008). But that miscarriage-of-justice exception to the procedural-default doctrine applicable to habeas proceedings requires the satisfaction of the principle set out in Murray v. Carrier, 477 U.S. 478, 496 (1986)(a decision on which O'Farrell seeks to rely):

> Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

And that probability standard has been further explicated in Schlup v. Delo, 513 U.S. 298, 327, 329 (1995)(another case relied on by O'Farrell):

> The Carrier standard requires the habeas petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S., at 496. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice.
>
> \*       \*       \*
>
> The meaning of actual innocence as formulated by Sawyer and Carrier does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement

unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

This Court's review of the Petition and the comprehensive response by defense counsel finds that O'Farrell has clearly failed that probability test. Accordingly this Court has determined that O'Farrell has not made a substantial showing of the denial of a constitutional right (Section 2253(c)(2)), and it therefore finds that no COA should issue. This issue may of course be tendered to the Court of Appeals for its determination.

As for the application to proceed in forma pauperis, this Court remains puzzled by the "clarification" afforded by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). Although the court there was not dealing with a habeas petition that challenged a prisoner's original conviction or sentence, Part III of the opinion "holds that the requirements of the PLRA do not apply to properly characterized habeas corpus actions, whether they are brought under §§2241, 2254, or 2255, because those actions are not 'civil actions' within the meaning of the PLRA" (id. at 639). In response the three-judge dissent from en banc consideration, authored by now Chief Judge Easterbrook, said (id. at 641):

> Part III of the panel's opinion does not take the language of §1915(b) seriously; it mentions the phrase "civil action" only in passing and the phrase "appeal in forma pauperis" not at all.

This memorandum will not enter the fray as to the Court of

Appeals' differing views on the "civil action" question--instead it must deal with the applicability or inapplicability of the following provision of Section 1915(b)(1) that speaks to the filing of <u>an</u> <u>appeal</u> in forma pauperis:

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.

And on that score the Court of Appeals' administrative personnel have advised that their practice is to charge the $455 in aggregate appellate filing fees to any Section 2254 habeas petitioner who seeks appellate review, thus calling into play Section 1915(b)(1) in its entirety.

In those terms this Court has determined that the average deposits to O'Farrell's prisoner trust fund account at Pontiac Correctional Center ("Pontiac," where O'Farrell is serving his sentence) during the six-month period preceding his appeal (see Section 1915(b)(1)) came to $124.65. Accordingly, the first required payment on account of the $455 in fees (20% of $124.65) is $24.93, and the trust fund officer at Pontiac is ordered to collect that amount from O'Farrell's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>     Office of the Clerk
>     United States District Court
>     219 South Dearborn Street
>     Chicago IL 60604
>
>     Attention:  Fiscal Department

After such payment, the trust fund officer at Pontiac (or at any other correctional facility where O'Farrell may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $455 in appellate filing fees is paid. Both the initial payment and all future payments shall clearly identify O'Farrell's name and the notation "Appeal from District Court Case No. 08 C 2403." To implement these requirements, the Clerk shall send a copy of this order to the Pontiac trust fund officer.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: August 13, 2008

---

[2] If in the Court of Appeals' view the practice being followed by its staff personnel and confirmed by this memorandum are in error (as may well be the case, given Part III of the Walker opinion), what has been said here as to O'Farrell's payment of appellate filing fees should of course be disregarded. In that respect district judges throughout the circuit would be well served by some further directive addressed not only to Court of Appeals personnel but also to those of us who must administer these matters at the District Court level.